IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN TAYLOR | * | |
|     Petitioner | | |
| | * | |
| v. | | CIVIL ACTION NO. JFM-10-2270 |
| | * | |
| GREGG L. HERSHBERGER, et al., | | |
|     Respondent | * | |

******

## **MEMORANDUM**

On August 19, 2010, John Taylor, a state inmate, filed what has been construed as petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 his state court conviction. For the reasons set out herein, the court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.) (2000). The pending application is beyond doubt a second and successive one which petitioner has filed in this court. On August 27, 1996, petitioner filed his first federal habeas corpus application concerning his state court conviction. On March 4, 1997, the petition was denied. *See Taylor v. Corcoran*, Civil Action No. JFM-96-2687.

Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Mr. Taylor's

application for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A);[1] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Petitioner has not complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed here pursuant to 28 U.S.C. § 2244(b)(3).

It appears, however, that petitioner may have intended to file this petition with the United States Court of Appeals for the Fourth Circuit as an application under § 2244 for authorization to file a second habeas petition, as Mr. Taylor has attached to his paperwork the requisite forms for doing same. Accordingly, the Clerk shall be directed to forward a copy of Paper Nos. 1 and 2 to the Clerk, Fourth Circuit Court of Appeals, for docketing and whatever further proceedings that court deems appropriate.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly the petition shall be dismissed. A separate Order shall be entered reflecting the ruling set out herein.

| | |
|---|---|
| August 30, 2010 | /s/ |
| Date | J. Frederick Motz |
| | United States District Court Judge |

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."